IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF NORTH CAROLINA

CHARLOTTE DIVISION

Case No. 3:26-cv-00129-KDB-DCK

DR. RAMESH K. SUNAR,

Plaintiff,

v.

GRAY MEDIA, INC. and GRAY LOCAL MEDIA, INC.,

d/b/a WBTV,

Defendants.

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO**

**MOTION TO ENFORCE COURT'S STANDING ORDER**

**PRELIMINARY STATEMENT**

Defendants' Response to Plaintiff's Motion to Enforce the Court's Standing Order, ECF 10, asks this Court to deny Plaintiff's motion as moot on the grounds that Defendants have now contacted Plaintiff to schedule a settlement conference. Plaintiff respectfully submits that the motion is not moot for a fundamental reason: the Standing Order requires a settlement conference and Certificate of Settlement Conference to be completed BEFORE filing a responsive pleading — including a motion to dismiss. Defendants filed their Motion to Dismiss on February 25, 2026 without satisfying either prerequisite. That sequencing violation cannot be rendered moot by a promise of future compliance. Plaintiff further submits that Defendants' Response mischaracterizes Plaintiff's obligations under the Standing Order, and that the Court should retain jurisdiction over this motion until the Certificate of Settlement Conference is actually filed confirming the conference has occurred.

**ARGUMENT**

**I. PLAINTIFF'S MOTION IS NOT MOOT.**

A motion becomes moot only when the relief requested has actually been granted — not merely promised. Defendants ask the Court to treat a scheduling email as equivalent to compliance with the Standing Order. It is not.

The Standing Order is unambiguous in its sequencing. It requires two things to occur BEFORE filing a responsive pleading — including a motion to dismiss under Rule 12: (1) that the parties conduct a settlement conference, and (2) that a Certificate of Settlement Conference be filed with the Court. The Standing Order states explicitly that the Certificate "must be filed with or before" the Answer or other responsive pleading. Standing Order, Docket No.

5:19-MC-5, 2 (emphasis added). These are conditions precedent to filing — not obligations to be fulfilled afterward. Defendants skipped both conditions entirely and filed their Motion to Dismiss on February 25, 2026 in direct contravention of this sequence. Neither the conference nor the Certificate has occurred as of the date of this filing. Defendants' Response acknowledges this explicitly, stating only that the conference will be 'scheduled promptly' and the Certificate 'then' submitted. ECF 10 at 1. Promising future compliance after the fact does not cure a sequencing violation that has already occurred.

Denying Plaintiff's motion as moot before these obligations are fulfilled would remove the Court's enforcement mechanism at precisely the moment it is needed most. Plaintiff respectfully requests that the Court grant the motion and retain jurisdiction, closing it only upon receipt of the executed Certificate confirming the conference has taken place.

## II. THE STANDING ORDER PLACES THE INITIATION OBLIGATION SQUARELY ON DEFENDANTS — NOT PLAINTIFF.

Defendants' Response contains the following assertion: 'Plaintiff did not attempt to discuss this issue before filing the instant motion.' ECF 10 at 1. This statement misreads the plain language of the Standing Order and attempts to shift onto Plaintiff an obligation the Standing Order expressly assigns to Defendants.

The Standing Order states in unambiguous terms:

'Because the Plaintiff may not not know the identity of counsel for

the Defendant, the Defendant or Defendant's counsel is responsible

for initiating a communication to arrange the settlement conference

mandated by this Order.'

Standing Order, Docket No. 5:19-MC-5, ¶ 1 (emphasis added).

The obligation to initiate contact rests entirely with Defendants' counsel. Plaintiff had no obligation to contact Defendants before filing this motion — and indeed, doing so would have been inconsistent with the Standing Order's own allocation of responsibility. Defendants' suggestion that Plaintiff should have reached out first inverts the plain language of the order and asks this Court to hold Plaintiff to a standard the Standing Order does not impose.

It is further worth noting that Defendants were represented by sophisticated counsel — Ballard Spahr LLP, one of the nation's preeminent media law firms — from the moment of removal on February 18, 2026. The Standing Order was publicly available and directly applicable from that date. Defendants had seven days between removal and filing their motion to dismiss on February 25, 2026 — seven days in which a single email or phone call would have constituted compliance. No such communication was made.

## III. DEFENDANTS' BELATED COMPLIANCE DOES NOT CURE THE ORIGINAL VIOLATION.

Defendants filed their Motion to Dismiss on February 25, 2026 without conducting a settlement conference or filing a Certificate — both of which were required BEFORE that filing. This is not a question of timing or good faith. It is a question of sequence. The Standing Order creates a mandatory condition precedent. Defendants did not satisfy it. The motion to dismiss was filed in direct violation of that condition. The fact that Defendants have since agreed to schedule a conference — only after Plaintiff filed a motion calling the violation to the Court's attention — does not retroactively cure the sequencing violation that had already occurred.

Courts have long recognized that post-hoc compliance under pressure does not moot enforcement proceedings. Were it otherwise, parties could routinely violate court orders and cure the violation only upon being caught, with no consequence and no court record of the non-compliance. This Court's Standing Order would be reduced to an aspirational suggestion rather than an enforceable obligation.

Plaintiff does not seek sanctions against Defendants at this time and acknowledges that the conference will now proceed. Plaintiff seeks only that this Court grant the motion, acknowledge the Standing Order violation on the record, and retain jurisdiction until the Certificate of Settlement Conference is filed.

## IV. PLAINTIFF WELCOMES THE SETTLEMENT CONFERENCE AND WILL RESPOND PROMPTLY TO SCHEDULING.

Plaintiff has received Ms. Russell's email requesting his availability for a settlement conference and will respond promptly with proposed dates. Plaintiff approaches the conference in good faith and in full compliance with the spirit and letter of this Court's Standing Order.

Plaintiff respectfully suggests that the settlement conference be scheduled for a date in mid-March 2026, allowing both parties adequate time to prepare for a meaningful discussion. Plaintiff will respond directly to Defendants' counsel with specific proposed dates.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court: (1) grant Plaintiff's Motion to Enforce the Standing Order; (2) note on the record that Defendants filed their Motion to Dismiss without prior compliance with the Standing Order; (3) order both parties

to complete the settlement conference and file the Certificate of Settlement Conference within 21 days; and (4) retain jurisdiction over this motion until the Certificate is filed.

Plaintiff remains committed to good faith participation in the settlement conference process and to the just and efficient resolution of this matter.

Respectfully submitted,

DR. RAMESH K. SUNAR

Plaintiff, Pro Se

2809 Coltsgate Road, Suite 210

Charlotte, NC 28211

rsunar@yahoo.com

Dated: 3/2/ , 2026

## CERTIFICATE OF SERVICE

I hereby certify that on _March 2nd_, 2026, I served a true and correct copy of the foregoing Plaintiff's Reply upon the following counsel of record via electronic mail and U.S. mail:

Lauren P. Russell

Ballard Spahr LLP

1909 K Street NW, 12th Floor

Washington, DC 20006

russelll@ballardspahr.com


DR. RAMESH K. SUNAR